# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2995 | **DATE** | July 25, 2002 |
| **CASE TITLE** | *Albert C. Hanna vs. City of Chicago* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. The court (1) denies plaintiff's motion to remand [6-1] and (2) grants in part and denies in part defendant's motion to dismiss [5-1]. The court grants defendant's motion to dismiss Counts I and III to the extent that Counts I and III are dismissed without prejudice for lack of subject matter jurisdiction. The court dismisses without prejudice plaintiff's supplemental state law claims, Counts II and IV. The court denies as moot defendant's motion to dismiss Counts II and IV on the merits.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | JUL 26 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 13 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CW | courtroom deputy's initials | 02 JUL 25 PM 5:27 U.S. DISTRICT COURT CLERK | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALBERT C. HANNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 02 C 2995 |
| v. ) | |
| ) | Judge James H. Alesia |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

**DOCKETED**
**JUL 2 6 2002**

## MEMORANDUM OPINION AND ORDER

Before the court are (1) plaintiff's motion to remand and (2) defendant's motion to dismiss. For the following reasons, the court (1) denies plaintiff's motion to remand and (2) grants in part and denies in part defendant's motion to dismiss.

### I. BACKGROUND

The following facts are taken from plaintiff's complaint and are assumed to be true for the purposes of defendant's motion to dismiss. On April 12, 2000, defendant City of Chicago (the "City") adopted city-wide height limitations on residential properties zoned R4 and R5 (the "Height Limitations"). The Height Limitations restrict new residential construction in areas zoned R4 to thirty-eight feet, and areas zoned R5 to forty-five feet.

Plaintiff Albert C. Hanna ("Hanna") owns and resides at property located at 541 West Deming Place, in Chicago, Illinois ("Deming Property"). In 1997, the City "downzoned" an area including the Deming Property from R5 to R4. Hanna also owns two multi-family rental apartment buildings zoned in R5, located at 1742-1750 N. Mohawk (the "Mohawk Property") and 1216-1220 N. Dearborn (the "Dearborn Property"), both in Chicago, Illinois.

Hanna filed suit in the Circuit Court of Cook County challenging the downzoning of the Deming Property (the "Deming Lawsuit"). On April 4, 2001, after a trial on the merits, the Circuit Court found that the downzoning of the Deming Property to have violated Hanna's substantive due process rights under the Illinois Constitution.

On March 26, 2002, Hanna filed a separate complaint in the Circuit Court of Cook County, County Department, Chancery Division. *Hanna v. City of Chicago*, No. 02 CH 06143 (Cook County Cir. Ct filed Mar. 26, 2002). This complaint alleges that the Height Limitations reduce the feasibility and availability of low and moderate-income multi-family housing, thus discriminating against minorities, non-married persons, elderly, persons of foreign national origin, disabled persons, and others of moderate means. (Compl. at 6.) The complaint contains four counts: (1) a federal substantive due process claim for violation of 42 U.S.C. § 1983 ("§ 1983"); (2) a claim for violation of the substantive due process clause of the Illinois Constitution; (3) a federal procedural due process claim for violation of § 1983; and (4) a claim for violation of the procedural due process clause of the Illinois Constitution. On April 26, 2002, the City removed the action to federal court because Hanna's § 1983 claims in Counts I and III arise under federal law. The court has supplemental jurisdiction over Hanna's state law claims in Counts II and IV pursuant to 28 U.S.C. § 1367(a). Before the court are (1) Hanna's motion to remand and (2) the City's motion to dismiss.

## II. DISCUSSION

### A. Hanna's Motion to Remand

Before reaching the City's motion to dismiss, the court first must address Hanna's motion to remand to determine whether this action was properly removed in the first place. Hanna does

not dispute the fact that this court has jurisdiction and that the City can "technically" remove this case. (Pl.'s Reply Br. in Supp. of Mot. to Remand at 3, 5.) Rather, Hanna argues that it was not "proper" for the City to remove this case, and that the case should be remanded to state court regardless of jurisdiction and the "technicalities" of removal. Hanna also argues for the first time in his reply brief that it is proper to remand this action under the doctrine of abstention. In his motion, Hanna asks the court to award him costs and expenses, including attorney fees, incurred as a result of the City's removal.

As a general matter, defendants may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The propriety of removal depends on whether the case originally could have been filed in federal court. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). The district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "'It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.'" *Int'l Coll. of Surgeons*, 522 U.S. at 163 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).

In this case, there is no question that Hanna's state court complaint raises issues of federal law in the form of two federal due process claims in Counts I and III. These claims turn on federal law and unquestionably fit within the removal rule. *See Int'l Coll. of Surgeons*, 522 U.S. at 164 ("By raising several claims that arise under federal law, [the plaintiff] subjected itself to the possibility that the City would remove the case to the federal courts."). Therefore, the City

had the right to remove this case. Hanna does not dispute this. Instead, Hanna contends that removal of this case is improper because zoning challenges do not belong in federal court.

Hanna bases his argument for remand on *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 165-67 (7th Cir. 1994). Hanna takes out of context the court's first sentence, that "[f]ederal courts are not boards of zoning appeals." *Id.* at 165. In *River Park*, the plaintiff challenged the denial of his zoning application by filing a federal action consisting of a § 1983 federal due process claim and no state law claims. *Id.* The Seventh Circuit affirmed the dismissal of the plaintiff's federal claim for failure to state a claim. In doing so, the court indicated that, although his federal claim did not survive, the plaintiff could have had a remedy in state court. *Id.* at 167. The court explained that, "in zoning cases . . . the only procedural rules at stake are those local law provides, and these rules must be vindicated in local courts." *Id.* (discussing *Williamson County Reg. Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 193-94 (1985)). *River Park* instructs that in zoning cases, "state courts often afford relief on facts that do not support a federal claim." *Id.* at 165. Therefore, "state litigation would have fully protected [the plaintiff's] rights." *Id.* at 167. Hanna is correct that *River Park* stands for the proposition that zoning dispute remedies exist in state courts. However, *River Park* in no way instructs that a defendant does not have a right to remove a zoning dispute that alleges federal claims or that such removal is improper. The court is not persuaded by Hanna's reading of *River Park*.

The only other case Hanna cites in support of his position is *Midwest Partners v. City of Chicago*, No. 01 C 1108, 2001 WL 1329306 (N.D. Ill. Oct. 23, 2001). First, although the opinion of another district judge in this circuit can be persuasive, it is not binding precedent on

4

this court. *See, e.g., Howard v. Wal-Mart Stores, Inc.*, 160 F.3d 358, 359 (7th Cir.1998) (holding that "a district court's decision does not have precedential authority"). Second, although the facts in *Midwest Partners* are similar to the facts in case at hand, this court finds the case unpersuasive. The court in *Midwest Partners* first addressed the plaintiff's motion to remand. Citing only to another district court opinion, the court admonished the City for "reflexibly" removing the case to federal court rather than leaving the case pending before a state court that could address both the state law issues and the federal constitutional issues. *Midwest Partners*, 2001 WL 1320306, at *2. The court remanded the case to the state court for resolution of the claims. *Id.* Then – after deciding to remand the case to the state court – the court addressed the City's motion to dismiss, dismissing the federal claims for lack of subject matter jurisdiction because the claims were not ripe. *Id.* at *3. In the end, the court granted the motion to dismiss the federal claims and remanded the remaining counts to state court. *Id.* This court is unpersuaded by *Midwest Partners* for three reasons. First, once the court decided to remand the case to district court, it no longer had jurisdiction to decide the motion to dismiss. Second, the court in *Midwest Partners* cited no precedent for remanding a case that was properly removed under § 1441. Third, the court's disagrees with its reading of *River Park*. Thus, this court declines to follow *Midwest Partners*.

Hanna also argues for the first time in his reply brief that the court should abstain from exercising its jurisdiction under the doctrine of abstention established in *Burford v. Sun Oil Co.*, 319 U.S. 315, 317-34 (1943). The City has not had an opportunity to respond to this argument, and generally it is too late to raise an argument for the first time in a reply brief. *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, — F.3d —, 2002 WL 1608219, at *6 (7th Cir. July 22,

5

2002). Nevertheless, because the court may raise the doctrine of *Burford* abstention even *sua sponte*, the court will address Hanna's argument. *See Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 360 (7th Cir. 1998) (stating that the court should consider the applicability of the *Burford* doctrine even if the parties fail to raise the issue).

The Seventh Circuit has explained:

> *Burford* abstention is appropriate in two situations. First, federal courts should abstain from deciding difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. We should also abstain from the exercise of federal review that would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*Int'l Coll. of Surgeons*, 153 F.3d at 362 (citations omitted). "This balance only rarely favors abstention, and the power to dismiss recognized in *Burford* represents an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996) (quotation omitted). Hanna's case fails under both prongs of *Burford* abstention because (1) his case does not bear upon difficult issues of state law, and (2) the adjudication of the issues is not entrusted to a specialized tribunal. *See Int'l Coll. of Surgeons*, 153 F.3d at 363-64 (explaining factors and citing to *Nasser v. City of Homewood*, 671 F.2d 432, 440 (11th Cir. 1982), a case denying abstention involving residential zoning). *See also New Orleans Pub. Serv., Inc. v. City of New Orleans*, 491 U.S. 350, 372 (1989) (drawing an analogy to "a facial challenge to an allegedly unconstitutional statute or zoning ordinance – which we would assuredly not require to be brought in state courts."). Because Hanna's case fails under both prongs of *Burford* abstention, the court finds this narrow exception inapplicable.

In sum, the court finds that the City properly removed this case, and the *Burford* abstention doctrine does not apply. Accordingly, the court denies Hanna's motion to remand. Having found that the City properly removed this action, the court now addresses the City's motion to dismiss.

**B.    City's Motion to Dismiss**

In its motion to dismiss, the City argues that (1) Hanna lacks standing to bring his claims based on the Mohawk and Dearborn Properties because the height restrictions on these two properties are not the product of the R4/R5 Height Limit, (2) Hanna's claims based on the Deming Property are barred by the doctrine of claim preclusion because they should have been brought as part of the Deming Lawsuit, and (3) Hanna's federal claims in Counts I and III are not ripe for adjudication. The City fails to identify whether it is moving to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) ("Rule 12(b)(1)") for lack of subject matter jurisdiction or Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Because the ripeness of Hanna's federal claims is a jurisdictional issue, the court will address the City's ripeness argument first, and will address this argument under Rule 12(b)(1). *See Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) ("Because we have subject matter jurisdiction over only those cases that are 'ripe for adjudication,' we must initially determine whether the [plaintiff's] federal claims are subject to ... ripeness requirements."); *Biddison v. City of Chicago*, 921 F.2d 724, 726 (7th Cir. 1991) ("[I]f a case is not ripe for purposes of article III, we should dismiss the case for lack of subject matter jurisdiction."). Thus, the court turns to the question of whether Hanna's federal claims are ripe for adjudication.

7

### 1. Standard for Deciding a Rule 12(b)(1) Motion to Dismiss

In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the district court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor. *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir 2001). With this standard in mind, the court assesses the City's motion to dismiss Hanna's federal claims.

### 2. Federal Due Process Claims

The City argues that Hanna's federal claims should be dismissed because they are not ripe for adjudication. The Supreme Court has established a special ripeness doctrine for constitutional property rights claims. *Vigilante v. Vill. of Wilmette*, 88 F. Supp. 2d 888, 889 (N.D. Ill. 2000) (citing *Williamson County Reg. Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 193-94 (1985)). Under this doctrine, a plaintiff must meet two requirements before a federal court may adjudicate his land use claims. First, the "finality requirement" mandates that a plaintiff show receipt of a "final decision from the relevant government entity." *Forseth*, 199 F.3d at 372. Second, the "exhaustion requirement" mandates that the plaintiff seek "compensation through the procedures the State has provided for doing so." *Williamson*, 473 U.S. at 194. The Supreme Court has stated that although "the finality requirement is concerned with whether the initial decision maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury," *id.* at 193, "the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate." *Id.*

8

This ripeness doctrine applies equally to substantive and procedural due process claims. *Forseth*, 199 F.3d at 368; *Hager v. City of West Peoria*, 84 F.3d 865, 869-70 (7th Cir. 1996); *River Park*, 23 F.3d at 167; *Estate of Himelstein v. City of Fort Wayne, Ind.*, 898 F.2d 573, 576 (7th Cir. 1990). The Seventh Circuit recently stated that a property owner, "may not avoid *Williamson* by applying the label 'substantive due process' to the claim. So too with the label 'procedural due process.' Labels do not matter. A person contending that state or local regulation of the use of land has gone overboard must repair to state court." *Forseth*, 199 F.3d at 368 (quoting *River Park*, 23 F.3d at 167). *See also John Corp. v. City of Houston*, 214 F.3d 573, 584 (5th Cir. 2000) ("If the Court considered the claim to be a due process, rather than a takings claim, the absence of a final decision still made that claim unripe.").

Here, Hanna has not met either requirement under the *Williamson* doctrine. First, he has not met the finality requirement because he has not shown that a "decision-maker has arrived at a definitive position on the issue that inflicts an actual concrete injury." *Williamson*, 473 at 193. Hanna must receive a final decision from the local zoning authorities before pursuing a § 1983 action for violation of his federal constitutional rights. Hanna has not alleged that he sought a variance from the City or that he received a final decision from the local zoning authorities. Hanna does not allege that a regulatory agency has had even an opportunity to make a considered definitive decision. Because Hanna has not fulfilled the "finality requirement" of the *Williamson* doctrine, his federal due process claims are not ripe for adjudication at this juncture in the proceedings and, therefore, must be dismissed for lack of subject matter jurisdiction.

Second, even if Hanna had fulfilled the "finality requirement," he has not fulfilled the "exhaustion requirement." "When a property owner alleges that general regulation (such as

zoning) affects his land in some special way, 'the claim is not ripe until *all* efforts to avoid the restriction ... have been exhausted." *Vigilante*, 88 F. Supp. 2d at 890 (quoting *Marusic Liquors, Inc. v. Daley*, 55 F.3d 258, 260 (7th Cir. 1995) (emphasis in original)). To show that he has availed himself of state court remedies, a plaintiff "must demonstrate a final decision on 'a development plan submitted, considered, and rejected by the governmental entity.'" *Covington Court, Ltd. v. Vill. of Oak Brook*, 77 F.3d 177, 179 (7th Cir. 1996) (quoting *Unity Ventures v. Lake County*, 841 F.2d 770, 775 (7th Cir. 1988)). Here, there is no allegation that Hanna had a concrete development plan in mind at all, much less one that he presented to government officials and that was finally and authoritatively rejected. Even if he had submitted such a development plan, local authorities, both at the municipal and state levels, should be given an opportunity to address this issue themselves. Hanna has not alleged that he made any effort to avoid the restriction, much less that he exhausted *all* efforts to avoid the restriction. Because Hanna has not fulfilled the "exhaustion" requirement of the *Williamson* doctrine, his federal due process claims are not ripe and must be dismissed for lack of subject matter jurisdiction.

Hanna does not argue that he has fulfilled either requirement of the *Williamson* doctrine. Rather, he argues that his claims do not need to meet these requirements because they constitute a facial challenge of the Height Limitations as arbitrary and capricious. Hanna cites to no Seventh Circuit authority – and the court's own research has found none – to support this assertion. On the contrary, the court's research revealed that an "arbitrary and capricious" due process claim is simply another label for a substantive due process claim. *See Restigouche, Inc. v. Town of Jupiter*, 59 F.3d 1208, 1211 n.1 (11th Cir. 1995) ("There are potentially four types of constitutional challenges to a zoning decision: (1) just compensation takings, (2) due process

10

takings, (3) substantive due process (also referred to as arbitrary and capricious due process), and (4) equal protection."). Again, the *Williamson* ripeness doctrine applies to substantive due process claims, regardless of how Hanna labels this claim. *Forseth*, 199 F.3d at 368 ("Labels do not matter."). Therefore, the court is unpersuaded by Hanna's argument.

In sum, Hanna's federal due process claims are not ripe for adjudication and, therefore, must be dismissed for lack of subject matter jurisdiction. Accordingly, the court grants the City's motion to dismiss Counts I and III of Hanna's complaint for lack of subject matter jurisdiction, to the extent that Counts I and III are dismissed without prejudice. *See Forseth*, 199 F.3d at 363 ("Should Plaintiffs sufficiently pursue their case in state court only to be denied relief, they may then seek relief in federal court on their federal substantive due process and takings claims.").

### 3. State Law Claims

Still pending are: (1) Count II, a claim for violation of the substantive due process clause of the Illinois Constitution; and (2) Count IV, a claim for violation of the procedural due process clause of the Illinois Constitution. This court has jurisdiction over Hanna's state law claims pursuant to 28 U.S.C. § 1367(a).

Although § 1367(a) *authorizes* federal courts to exercise supplemental jurisdiction over state law claims, this does not mean that federal courts *must* exercise jurisdiction in all cases. *See Int'l Coll. of Surgeons*, 522 U.S. at 172. Rather, supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right ...." *Id.* Although there are "unusual cases in which the balance of factors to be considered under the [supplemental] jurisdiction doctrine – judicial economy, convenience, fairness and comity – will point to federal decision of the state-law claims on the

merits," the district judge is given broad power in determining whether such circumstances apply and, thus, whether it is appropriate to retain jurisdiction over the state law claims. *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727-28 (7th Cir. 1998). The district court's discretion to relinquish supplemental jurisdiction is "almost unreviewable," especially when all federal claims have been dropped from the case before trial and only state law claims remain. *Id.* "At that point, respect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns." *Id.* In fact, "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.* 193 F.3d 496, 501 (7th Cir. 1999).

This case is precisely the situation described in § 1367(c)(3). The only claims giving rise to federal jurisdiction in the first instance was Hanna's § 1983 claims, and the court dismissed these claims, *supra* Sect. II.B.2. Because the § 1983 claims have been dismissed, federal jurisdiction over the remaining counts is based entirely upon the supplemental jurisdiction statute which provides that a district court "may decline to exercise supplemental jurisdiction" over supplemental state law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Therefore, it is within this court's discretion to proceed with Hanna's state law claims or dismiss them. Here, neither party disputes dismissal of the federal claims in this case if the court relinquishes jurisdiction over the state law claims. Further, the court finds that the factors of judicial economy, convenience, fairness and comity are not served by this court's retention of jurisdiction. *See Int'l Coll. of Surgeons*, 522 U.S. at 172 (outlining factors).

12

First, judicial economy is not served by this court's retention of jurisdiction. At this point, the burden of the state law claims would be the same for a federal as for a state court, and there would be no substantial duplication of effort if the state law claims were tried in state court. *See Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (holding that the district court should have relinquished jurisdiction over state law claims when the federal claims were dismissed and there was very little federal judicial investment in the state law claims).

Second, convenience is not served by this court's retention of jurisdiction. The state law claims are not patently frivolous, nor is it absolutely clear to this court how the supplemental state law claims will be decided. *See Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997) (reaffirming the "no brainer" exception to the general rule that federal courts should relinquish jurisdiction of state law claims); *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993) (holding that retention of a state law claim is appropriate when the correct disposition of the claim is "so clear as a matter of state law that it could be determined without further trial proceedings and without entanglement with any difficult issues of state law ....").

Finally, fairness and comity are not served by this court's retention of jurisdiction. Under § 1367(d), the period of limitations for any claim asserted under subsection (a) "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). Thus, dismissal of the state law claims on jurisdictional grounds will not preclude Hanna from pursuing this matter in state court. *Olde Discount, Inc. v. Parker*, No. 97 C 5746, 1998 WL 901673, at *4 (N.D. Ill. Dec. 21, 1998). Further, no res judicata effect attaches to the claims the court dismisses for lack of subject matter

jurisdiction. *Follkie v. City of Chicago*, No. 97 C 154, 1997 WL 527304, at *6 n.7 (N.D. Ill. Aug. 19, 1997).

In sum, judicial economy, convenience, fairness and comity do not compel this court to retain jurisdiction over Hanna's state law claims. This case belongs in state court. Therefore, this court exercises its discretion in dismissing without prejudice Hanna's supplemental state law claims, Counts II and IV. *See Standard Bank & Trust Co. v. Vill. of Orland Hills*, 891 F. Supp. 446, 452 (N.D. Ill. 1995) (dismissing federal due process claim and relinquishing jurisdiction over remaining state law claims in zoning action). Hanna is free to file these claims in state court. The court denies as moot the City's motion to dismiss Counts II and IV on the merits.

### III. CONCLUSION

For the foregoing reasons, the court (1) denies Hanna's motion to remand, and (2) grants in part and denies in part the City's motion to dismiss as follows. The court grants the City's motion to dismiss Counts I and III of Hanna's complaint to the extent that Counts I and III are dismissed without prejudice for lack of subject matter jurisdiction. The court dismisses without prejudice Hanna's supplemental state law claims, Counts II and IV. The court denies as moot the City's motion to dismiss Counts II and IV on the merits.

Date: JUL 25 2002

Judge James H. Alesia
United States District Court

14